FILED

2026 APR -1 PM 1:49

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *Candie Yer How + Eric Zoover How*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

*Case # 25-02164*

For appeals in an adversary proceeding.
- ☒ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken: *Dismissal + Order for Sanctions + Reimbursement of Fees*

2. State the date on which the judgment—or the appealable order or decree—was entered: *3/13/2026 — Appellants were out of the country on Mission's Trip - 3/14/26 — 3/28/26*

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Lee, etc* Attorney: *Molly Fitzgerald Scott Halloin*

2. Party: _____ Attorney: _____

Case 2:26-cv-00555-BHL    Filed 04/01/26    Page 1 of 10    Document 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_Candio7. Hor_    _Eric Zooves Herr_    Date: _4/1/2026_
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

_____

_____

_____

_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

So Ordered.

Dated: March 13, 2026



*Rachel Blise*

Rachel M. Blise
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case No. 25-22893-rmb |
| Candie Yer Herr and Eric Zooves Herr, | Chapter 7 |
| Debtors. | |

| | |
|---|---|
| Candie Yer Herr, et al. | |
| Plaintiffs, | Adversary No. 25-2164 |
| v. | |
| Long Lee, et al. | |
| Defendants. | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

On February 13, 2026, the defendants filed a motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. (Dkt. No. 17.) The defendants assert that all the claims in the adversary complaint filed by debtors Candie Herr and Eric Herr are frivolous, and that the Herrs violated Rule 9011 in filing the complaint. The defendants served their motion on the Herrs on January 15, 2026

pursuant to Rule 9011(c)(2)(B) and afforded the Herrs more than 21 days to respond.

The Court held a preliminary pretrial conference on March 11, 2026 during which the Court addressed the motion for sanctions. For the reasons stated on the record during the hearing and set forth below, the Court concludes that sanctions are appropriate in this case.

As outlined in the defendants' motion, the Herrs have been warned repeatedly that they cannot bring claims on behalf of an entity without counsel, yet they included Enduring Love International Church as a plaintiff in the adversary complaint, which was filed without counsel.

The Herrs have also been warned by this Court and the district court that several of their claims lack substantive merit and that the *Rooker-Feldman* doctrine prohibits a federal court from overturning or voiding orders entered by state courts. This Court has also previously warned the Herrs that they cannot bring claims for damages that arose pre-petition or seek turnover of estate property because they lack standing to do so. *See Herr v. Ludwig, et al.*, Adversary No. 25-2091, Order to Show Case, Dkt. No. 5 (August 12, 2025).

Finally, the Herrs were warned both in the Court's August 12, 2025 order and during a September 10, 2025 hearing in Adversary No. 25-2091 that they could not bring a claim for violation of the automatic stay without specifically identifying the actions that they allege violated the automatic stay.

Case 2:25-02164-beh Doc 28 Filed 03/13/26 Entered 03/13/26 11:25:02 Page 2 of 6
Case 2:26-cv-00555-BHL Filed 04/01/26 Page 4 of 10 Document 1

Despite these prior warnings and admonishments, the Herrs nevertheless filed the adversary complaint in this case alleging claims on behalf of a corporate entity without counsel, requesting that the Court void final state court judgments (most or all of which were entered against non-debtor parties), asserting claims for damages that arose pre-petition, and seeking damages for violations of the stay based on vague, unspecified conduct.

Upon receiving the defendants' motion for sanctions, the Herrs did not reflect on the claims in their adversary complaint or do any research to assure themselves that they had a legal basis for asserting the claims. Rather, they filed a non-sensical document with the Court filled with unsubstantiated allegations of misconduct. Dkt. No. 16. In response to the defendants' motion, the Herrs again raised their unspecified and unsubstantiated allegations of misconduct. Dkt. No. 18. They made no attempt to explain why the claims in their adversary complaint are not frivolous or are supported by the law. During the March 11 hearing, the Herrs also admitted to having done no research to assure themselves that their claims have a legal basis.

The Court concludes that sanctions are warranted. This adversary case is the latest in a string of cases that the Herrs filed against the defendants. None have had any merit and all have been dismissed. *See Herr, et al. v. Halloin, et al.*, Case No. 2:25cv1518 (E.D. Wis. Oct. 2, 2025); *Herr, et al. v. Ludwig, et al.*, Case No. 2:25cv1138 (E.D. Wis. Aug. 1, 2025); *Enduring Love Int'l Church, et al. v. Williams,*

Case 2:26-cv-00555-BHL  Doc 28  Filed 04/01/26  Page 5 of 10  Document 1

et al., 2:23cv1120 (E.D. Wis. Aug. 24, 2023); *Herr, et al. v. Ludwig, et al.*, Adv. No. 25-2091 (Bankr. E.D. Wis. July 24, 2025).

The Herrs are proceeding pro se, but that does not relieve them of their obligation to comply with Rule 9011. The Herrs were on notice that their claims have no merit, that this Court lacks jurisdiction over their claims, that they lack standing to the pursue the claims, and that, for their stay violation claim, they needed to identify what actions allegedly violated the stay. They offered no argument that the claims are legally valid, except to say that this Court can grant equitable relief. A court's ability to weigh the equities in granting relief under some circumstances is not a substitute for the requirements that the court must have jurisdiction, that the plaintiff must have standing, and that the claims must have merit. This Court has repeatedly explained that to the Herrs.

The Court therefore will order the Herrs to reimburse the reasonable attorney's fees and costs incurred by the defendants to prepare and file their motion for sanctions. The Court also will require that any filing by the Herrs in this Court seeking relief against Long Lee, Miana Lee, Unlimited Wealth, LLC, David Blong, Mee Lee, Scott Halloin, or Molly Fitzgerald must be screened by the Court before those persons will have an obligation to respond.

Accordingly, IT IS HEREBY ORDERED:

1. The defendants' motion for sanctions for violations of Federal Rule of Bankruptcy Procedure 9011 is granted in part as set forth herein.

4

2. Candie Yer Herr and Eric Zooves Herr shall reimburse the defendants for their reasonable fees and costs incurred in preparing and filing the motion for sanctions at Docket No. 17. On or before **April 1, 2026**, the defendants shall file a statement of their fees and costs. The Herrs may file a response to the statement by **April 10, 2026**. The Court will thereafter enter a separate order requiring payment.

3. Neither Candie Yer Herr nor Eric Zooves Herr may file a motion, application, adversary complaint, or other document seeking relief in this Court against Long Lee, Miana Lee, Unlimited Wealth, LLC, David Blong, Mee Lee, Scott Halloin, or Molly Fitzgerald (collectively, the "Lee Parties") without approval of the Court as follows:

a. If Candie Yer Herr or Eric Zooves Herr files a motion, application, or other request for relief in any case in this Court seeking relief against the Lee Parties, none of the Lee Parties shall have any obligation to respond, and the Lee Parties will not waive or forfeit any defense to the request, unless and until the Court enters an order requiring a response.

b. If Candie Yer Herr or Eric Zooves Herr files an adversary complaint that names any of the Lee Parties, the Clerk shall docket the proposed adversary complaint in the main bankruptcy case, Case No. 25-22893, but the Clerk shall not open an adversary case unless and until the Court enters an order directing the Clerk to open an adversary case.

5

Case 25-02164-rmb   Doc 22   Entered 03/13/26 11:25:02   Page 5 of 6

c.    The requirement that the Court must approve requests for relief made by Candie Yer Herr or Eric Zooves Herr shall not apply to any request that relief sought by any of the Lee Parties against the Herrs be denied.

#####

Case 25-02164-mvl   Doc 23   Entered 03/13/26 11:35:02   Page 6 of 6

Case 2:26-cv-00555-BHL   Filed 04/01/26   Page 8 of 10   Document 1

So Ordered.

Dated: March 13, 2026



*Rachel Blise*

Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Candie Yer Herr and
Eric Zooves Herr,

Debtors.

Case No. 25-22893-rmb

Chapter 7

Candie Yer Herr, et al.

Plaintiffs,

v.

Long Lee, et al.

Defendants.

Adversary No. 25-2164

## ORDER DISMISSING ADVERSARY PROCEEDING

On December 15, 2025, Debtors Candie Yer Herr and Eric Zooves Herr filed an adversary complaint against Long Lee, Miana Lee, Unlimited Wealth, LLC, David Blong, Mee Lee, and Scott Halloin. On March 11, 2026, the Court held a hearing on the Defendants' motion to dismiss the adversary proceeding.

For the reasons stated on the record at the hearing, the Court has determined that dismissal of the complaint was warranted because (1) the Court

lacks subject matter jurisdiction under 11 U.S.C. § 1334(b) to adjudicate claims raised by the non-debtor plaintiff Enduring Love International Church or claims with respect to property that is not property of the bankruptcy estate, (2) the Court lacks jurisdiction under the *Rooker-Feldman* doctrine to review final judgments or orders entered in state court, (3) the Herrs lack standing to assert claims that arose pre-petition because those claims are part of the bankruptcy estate and only the chapter 7 trustee may pursue such claims, and (4) the allegations related to the Herrs' claim for violation of the automatic stay are insufficient to state a claim.

Accordingly, IT IS HEREBY ORDERED that the adversary complaint is DISMISSED without prejudice.

#####

Case 2:26-cv-00555-BHL   Doc 2   Filed 04/01/26   Page 10 of 10   Document 1