CANDIE YER HERR and
ERIC ZOOVES HERR,

      Appellants,

          Case No. 26-cv-0555-bhl

     v.

LONG LEE, MIANA LEE, UNLIMITED
WEALTH LLC, DAVID BLONG, MEE LEE and
SCOTT R HALLOIN,

      Appellees.

## ORDER DENYING MOTION TO DISMISS

On April 1, 2026, Appellants Candie Yer Herr and Eric Zooves Herr, proceeding without counsel, filed a Notice of Bankruptcy Appeal, challenging two March 13, 2026 orders (one for sanctions and one for dismissal) entered by Bankruptcy Judge Rachel Blise in an adversary proceeding the Herrs initiated in the bankruptcy court. (ECF No. 1 at 1.) On April 23, 2026, Appellees (the defendants in the adversary proceeding) filed a motion to dismiss, arguing that the appeal is untimely and that Appellants have failed to follow the Federal Rules of Bankruptcy Procedure 8009(a)(1) and (b)(1). (ECF No. 3.) For the reasons discussed below, Appellees' motion will be denied.

## PROCEDURAL HISTORY

On March 13, 2026, the Bankruptcy Court dismissed Appellants' bankruptcy case and granted Appellees' motion for sanctions. *Herr v. Lee*, Adversary Proceeding No. 25-2164-rmb, ECF Nos. 23 & 24. On April 1, 2026, Appellants appealed and identified the March 13, 2026 orders as the basis for their appeal. (ECF No. 1.) On April 14, 2026, the Bankruptcy Court entered a further order, confirming the amount of sanctions owed ($1,730.46). *Herr v. Lee*, Adversary Proceeding No. 25-2164-rmb, ECF No. 38. The Bankruptcy Clerk entered a judgment that same day that incorporated the sanctions assessment. *Id.*, ECF No. 39. On April 16, 2026, Appellants

filed their opening brief. (ECF No. 2.) On April 30, 2026, Appellants filed a notice of record on appeal. (ECF No. 4.)

## ANALYSIS

Appellees first argue that the appeal should be dismissed because it is untimely. (ECF No. 3 at 7–10.) Under Bankruptcy Rule 8002(a)(1), appellants must file a notice of appeal within fourteen days "after the judgment, order, or decree to be appealed is entered." Appellees contend that by waiting until April 1, 2026 to file their Notice of Appeal—nineteen days after the entry of the Bankruptcy Court's dismissal and sanctions order—Appellants waited five days too long. They further maintain that because a failure to timely appeal strips the Court of jurisdiction to consider the appeal, *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016), this appeal must be dismissed for lack of jurisdiction.

This Court's appellate jurisdiction over bankruptcy court rulings is set forth in 28 U.S.C. §158(a). Under Section 158(a), a district court has limited jurisdiction to hear appeals from three different types of bankruptcy court rulings: (1) the bankruptcy court's final judgments, orders, and decrees; (2) bankruptcy court orders that alter the deadlines for filing a Chapter 11 plan; and (3) with the court's leave, other interlocutory orders or decrees. The challenged order did not increase or reduce the time period for filing a Chapter 11 plan, and the court did not grant leave to appeal an interlocutory order. Accordingly, only the first category applies. Appellants are challenging the merits of the Bankruptcy Court's sanctions and dismissal rulings, first addressed in its March 13, 2026 Orders. But this Court's appellate jurisdiction arises only when a final judgment or order has been entered. A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (internal quotations omitted). The March 13, 2026 orders were not final rulings. Indeed, it was not until the Bankruptcy Court's April 14, 2026 Order and Judgment that a final, appealable order was entered. Accordingly, Appellants did not file their notice of appeal too late; in fact, they filed it too early—13 days before the final appealable judgment was entered.

Bankruptcy Rule 8002(a)(2) governs this situation. This rule provides that when a party files a notice of appeal after the bankruptcy court announces a decision or order, but before entry of the final judgment or order, the notice of appeal is treated as having been filed on the date of the entry of the final judgment or order. The Rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment" when the Bankruptcy Court

"announces a decision that *would be* appealable if immediately followed by the entry of judgment." *See First Tier Mortgage v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 272 (1991) (analyzing the equivalent rule under the Appellate Rules of Procedure). Accordingly, Appellants' notice of appeal will be treated as having been filed on April 14, 2026. *See* Bankruptcy R. 8002(a)(2); *see also First Tier Mortg. Co.*, 498 U.S. at 274.

Appellees urge the Court not to apply Rule 8002(a)(2) because the bankruptcy court's sanctions order was interlocutory. (ECF No. 9 at 6.) Appellees are correct that sanctions are generally interlocutory orders, and interlocutory orders are not subject to Rule 8002(a)(2). *See First Tier Mortgage*, 498 U.S. at 276. But this argument ignores that sanction orders are appealable when the underlying case ends. *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 167–68 (7th Cir. 1997). Once the Bankruptcy Court entered a final judgment in the adversary proceeding, its sanctions order became appealable along with the dismissal order, and Rule 8002(a)(2) became applicable.

Appellees next argue that dismissal is proper because of two procedural failures. Appellees first complain that Appellants failed to file a designation of the record and statement of issues as required by Bankruptcy Rule 8009(a)(1). They also fault Appellants for failing to order the relevant hearing transcript as required by Rule 8009(b)(1) and (a)(4). (ECF No. 3 at 11–14.) Appellees acknowledge that these deadlines are not a stand-alone basis for dismissal but suggest the Court should dismiss the appeal because these failures show that Appellants hold a "disregard for the rules of the Court." (*Id.* at 11.) In response, Appellants concede that they are held to the same procedural standards as represented litigants but ask for the opportunity to cure their defects. (ECF No. 7 at 2.)

The Court declines to sanction Appellants with a dismissal of their appeal based on their procedural mistakes. Appellees have not been materially prejudiced by these errors. Accordingly, the Court will instead order Appellants to rectify their procedural errors. Appellants' opening brief, filed before the notice of appeal, will be stricken from the record. Appellants will have **fourteen (14) days** from the date of this Order to supplement their record on appeal to comply with Bankruptcy Rule 8009. If Appellants do not comply with Rule 8009 within fourteen days, the appeal will be dismissed. Once a supplemented record on appeal is filed, the briefing schedule set forth in Rule 8018 will apply.

Finally, the Court acknowledges Appellees' complaint that Appellants "have an established history of abusing the legal systems' processes" and of "ignor[ing] all attempts by the courts to curb their conduct." (ECF No. 3 at 12–13.) The Court will not countenance frivolous litigation. At this stage, however, Appellants conduct before this Court has consisted of mere mistakes, and the Court has no basis to find any misconduct warranting dismissal. If Appellants engage in vexatious, frivolous conduct in the future, or if the Court finds this appeal frivolous, it may well impose appropriate sanctions. But that has not yet occurred.

Accordingly,

**IT IS HEREBY ORDERED** that Appellees' motion to dismiss, ECF No. 3, is **DENIED**.

**IT IS FURTHER ORDERED** that Appellants' opening brief, ECF No. 2, is **STRICKEN**. Appellants have **fourteen (14) days** from the date of this Order to supplement the record on appeal, ECF No. 4, to comply with Bankruptcy Rule 8009. Failure to comply will result in dismissal. Once the record is supplemented, the briefing schedule set forth in Rule 8018 will apply.

Dated at Milwaukee, Wisconsin on July 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge